IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MICHAEL D. KEINZ,

    Petitioner,

vs.                                                          Case No. 5:05cv114-RH/WCS

JAMES CROSBY,

    Respondent.

_____/

## REPORT AND RECOMMENDATION ON § 2254 PETITION

This cause is before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  Doc. 1.  Petitioner's motion for authorization to file and application to proceed in forma pauperis, docs. 3 and 4, are addressed in a separate order.

Petitioner challenges his conviction out of the Circuit Court in Lee County.  He complains that two years have passed and yet the state has not held an evidentiary hearing or ruled on his Fla.R.Crim.P. 3.850 motion.  Doc. 1, p. 5. He claims that the Middle District of Florida denied his § 2254 petition without prejudice pursuant to § 2254(b), in conflict with its own precedent.  *Id.*, pp. 3-4, citing case number 2:05-cv-99.

Petitioner challenged this same conviction in a previous § 2254 petition filed in this court, which was transferred to the Middle District of Florida and assigned case number 2:05-cv-99.  Case 5:04cv420-SPM/EMT, docs. 5, 7, and 9 (recommendation, order, and acknowledgment of transfer bearing new case number).[1]  Based on Petitioner's admission that his claim was still pending in state court, the petition was dismissed without prejudice on March 16, 2005.  Doc. 10 in 2:05-cv-99-VMC-SPC (available on PACER).  According to the docket, the Middle District denied leave to appeal in forma pauperis and a certificate of appealability (docs. 22 and 23 in that file), but the Eleventh Circuit has not yet ruled on the appeal.

Because the prior petition was dismissed without prejudice, this is not a second or successive petition requiring authorization from the court of appeals under 28 U.S.C. § 2244.  See Slack v. McDaniel, 529 U.S. 473, 487, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000) (petition dismissed for failure to exhaust before any claims were adjudicated did not render subsequent petition second or successive), following Stewart v. Martinez-Villareal, 523 U.S. 637, 644, 118 S.Ct. 1618, 1622, 140 L.Ed.2d 849 (1998) (other citation omitted).  But even so, dismissal by the Middle District remains pending on appeal.  Any claim of error by a district court should be raised to the Eleventh Circuit, not to another district court.  Upon exhaustion of state court remedies Petitioner should

---

[1] The petition was transferred to the Middle District as the district of conviction. Doc. 5 in that case, citing 28 U.S.C. § 2241(d).  See also, Parker v. Singletary, 974 F.2d 1562, 1582 and nn. 114 and 118 (11th Cir. 1992) (finding transfer was "in furtherance of justice" under § 2241(d), citations omitted); Eagle v. Linahan, 279 F.3d 926, 933, n. 9 (11th Cir. 2001) (noting the practice of district courts in Georgia to transfer petitions to the district of conviction under § 2241(d)).

file his § 2254 petition in the district of his conviction.  At the current time, however, his petition is premature.

It is therefore respectfully **RECOMMENDED** that the § 2254 petition (doc. 1), challenging Petitioner's conviction out of the Circuit Court in Lee County, be **SUMMARILY DISMISSED WITHOUT PREJUDICE**.

**IN CHAMBERS** at Tallahassee, Florida, on August 3, 2005.

s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**